Timothy D. Cohelan, Esq., SBN 60827
Isam C. Khoury, Esq., SBN 58759
Diana M. Khoury, Esq., SBN 128643
Michael D. Singer, Esq., SBN 115301
Kimberly D. Neilson, Esq. SBN 216571
COHELAN & KHOURY
605 C Street, Suite 200
San Diego, CA 92101-5305
TEL:  (619) 595-3001
FAX: (619) 595-3000
tcohelan@ck-lawfirm.com
ikhoury@ck-lawfirm.com
dkhoury@ck-lawfirm.com
msinger@ck-lawfirm.com
kneilson@ck-lawfirm.com

Perry G. Smith, Esq., SBN 210401
BARRITT SMITH LLP
17310 Red Hill Avenue, Suite 140
Irvine, CA 92614
TEL:  (949) 553-0700
FAX: (949) 553-0715
psmith@barrittsmith.com
Attorneys for Plaintiff Steven C. Huang
(counsel for Defendants listed on next page)

UNITED STATES DISTRICT COURT OF CALIFORNIA

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN C. HUANG, on behalf of himself and all others similarly-situated,<br><br>Plaintiffs,<br>v.<br>SBC SERVICES, INC., a Missouri corporation; AT&T SERVICES, INC., a Delaware corporation and DOES 1 through 500, Inclusive,<br><br>Defendants. | CASE NO. 06CV2238 DMS (WMc)<br><br>**SETTLEMENT AGREEMENT AND JOINT STIPULATION**<br><br>Complaint Filed:   October 5, 2006<br>Trial Date:          None Set |

CASE NO. 06CV2238 DMS (WMc)

LEGAL_US_W # 56422921.2

1   J. Al Latham, Jr., Esq., SBN 71605
2   Leslie L. Abbott, Esq., SBN 155597
    PAUL, HASTINGS, JANOFSKY & WALKER LLP
3   515 South Flower Street, 25th Floor
4   Los Angeles, CA 90071
    TEL: (213) 683-6000
5   FAX: (213) 627-0705
6   allatham@paulhastings.com
    leslieabbott@paulhastings.com
7   Attorneys for Defendants
8   SBC SERVICES, INC., AT&T SERVICES, INC.,
    AMERITECH SERVICES, INC., AT&T LABS, INC.,
9   AT&T OPERATIONS, INC., PACIFIC BELL
10  DIRECTORY, PACIFIC BELL INFORMATION
    SERVICES, PACIFIC BELL TELEPHONE COMPANY,
11  PBD HOLDINGS DBA DIGITAL GRAPHICS
12  ADVANTAGE, SBC ADVANCED SOLUTIONS, INC.,
    SBC INTERNET SERVICES, INC., AND
13  SBC LONG DISTANCE, INC.
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

CASE NO. 06CV2238 DMS (WMc)
                                        -2-          SETTLEMENT  AGREEMENT
LEGAL_US_W # 56422921.2                               AND JOINT STIPULATION

Plaintiff Steven C. Huang, individually and on behalf of all others similarly situated, and defendants SBC Services, Inc., AT&T Services, Inc., Ameritech Services, Inc., AT&T Labs, Inc., AT&T Operations, Inc., Pacific Bell Directory, Pacific Bell Information Services, Pacific Bell Telephone Company, PBD Holdings dba Digital Graphics Advantage, SBC Advanced Solutions, Inc., SBC Internet Services, Inc., and SBC Long Distance, Inc., by and through their respective counsel of record, agree to resolve the above-captioned case through this Settlement Agreement and Joint Stipulation.

## I.

## DEFINITIONS

1.      "Action" means the civil action filed on October 5, 2006, as amended in a First Amended Complaint filed on June 26, 2007, in the Southern District of California, United States District Court, entitled *Steven Huang, on behalf of himself and all others similarly situated v. SBC Services, Inc., a Missouri corporation, AT&T Services, Inc., a Delaware corporation; and Does 1 through 500, inclusive*, Case No. 06CV2238 DMS (WMc).

2.      "AT&T" shall mean Defendants SBC Services, Inc., AT&T Services, Inc., Ameritech Services, Inc., AT&T Labs, Inc., AT&T Operations, Inc., Pacific Bell Directory, Pacific Bell Information Services, Pacific Bell Telephone Company, PBD Holdings dba Digital Graphics Advantage, SBC Advanced Solutions, Inc., SBC Internet Services, Inc., and SBC Long Distance, Inc.

3.      "Claims Administrator" shall mean Rust Consulting, Inc., or an administrator mutually agreed to by the Parties that will perform the duties of (i) using the data provided by AT&T to prepare the Claim Forms with the number of Compensable Work Weeks in the Covered Positions by each Class Member; (ii) mailing the Notice, Claim Forms and Exclusion Forms to Class Members; (iii) tracking returned Claim and Exclusion Forms; (iv) sending out cure letters and reminder cards to class members, and initiating other contacts with Class Members

1   as reasonably requested by Class Counsel; (v) notifying the Parties of timely and

2   untimely claims; (vi) calculating the amounts due to each Class Member pursuant

3   to the Settlement; (vii) notifying the Parties of and resolving any disputes regarding

4   claims by the Class Members; and (viii) providing payments, along with IRS Forms

5   W-2 and 1099 to the Class Members who submit timely and valid claims.

6         4.     "Claim Form" shall mean Exhibit "B," the form approved by the

7   Parties and subject to Court approval which each Class Member must submit to

8   recover a portion of the settlement proceeds.

9         5.     "Class" or "Class Members" shall mean the named Plaintiff,

10   Steven Huang, and all persons who work or worked for AT&T in the State of

11   California in the Covered Positions during the Covered Period.

12         6.     "Class Representative" shall mean Plaintiff Steven Huang.

13         7.     "Class Counsel" shall mean Cohelan & Khoury and Barritt

14   Smith, LLP.

15         8.     "Class Members' Released Period" shall mean the period

16   October 5, 2002 to the date on which the Court gives final approval of the

17   Settlement.

18         9.     "Class Representative's Released Period" shall mean the period

19   from the start of time to the date on which the Court gives final approval of the

20   Settlement.

21         10.    "Compensable Work Weeks" shall mean all weeks (or portions

22   of weeks) worked by AT&T's employees in California in the Covered Positions

23   during the Covered Period.

24         11.    "Court" refers to United States District Court of the Southern

25   District of California.

26         12.    "Covered Period" shall mean the period October 5, 2002

27   through June 30, 2007.

28

13.    "Covered Positions" or "Settlement Class Positions" shall refer to Senior Communications Specialists, Senior Systems Analysts, and Systems Analysts employed by AT&T within the State of California.

14.    "Exclusion Form" refers to Exhibit "C," the Request for Exclusion Form approved by the Parties and subject to Court approval, which a Class Member must submit to exclude himself or herself from the release of claims pursuant to this Settlement.

15.    "Final Judgment" shall mean the Order Granting Final Approval of Class Action Settlement and Judgment entered by the Court.

16.    "Maximum Payment" shall mean up to $11,200,000 to be paid by AT&T pursuant to this Settlement, plus the employer's share of payroll taxed on Settlement Payments to Participating Class Members.

17.    "Notice" shall mean the Notice of Pendency of Class Action, Proposed Settlement and Hearing Date for Court Approval attached as Exhibit "A." It is the notice approved by the Parties and subject to Court approval which the Claims Administrator will mail to each Class Member explaining the terms of the Settlement and the claims process.

18.    "Parties" shall mean the Class Representative and AT&T.

19.    "Settlement" shall mean the settlement of this Action as embodied in this Settlement Agreement and Joint Stipulation between Plaintiff and AT&T.

20.    "Settlement Effective Date" shall mean the first day following the last of the following occurrences:

(a)    The date or the time to appeal or seek permission to appeal or seek other judicial review of the entry of a Final Judgment approving the Settlement has expired with no appeal or other judicial review having been taken or sought; or

1        (b)    If an appeal or other judicial review has been taken or

2 sought, the date the Final Judgment is finally affirmed by an appellate court with no

3 possibility of subsequent appeal or other judicial review therefrom, or the date the

4 appeal(s) or other judicial review therefrom are finally dismissed with no possibility

5 of subsequent appeal or other judicial review.

6 **II.**

7 **RECITALS**

8       21.    On October 5, 2006, plaintiff Steven C. Huang commenced a

9 purported class action against AT&T in the United States District Court for the

10 Southern District of California, which plaintiff amended in a First Amended

11 Complaint filed on June 26, 2007 ("the Action").  In the Action, plaintiff alleges

12 that he and the Class were misclassified as exempt from state overtime law and not

13 paid compensation for overtime hours they worked, including interest and penalties.

14 He also alleges that AT&T failed to provide meal periods, failed to authorize and

15 permit rest periods, and failed to properly itemize wage statements as required by

16 California law.  On October 30, 2006, AT&T filed its answer to the original

17 complaint.

18       22.    Plaintiff believes this Action is meritorious based on alleged

19 violations of California's wage and hour laws, and that the Action is appropriate for

20 class action treatment.  AT&T denies any liability or wrongdoing of any kind

21 associated with the claims alleged, and contends that, for any purpose other than

22 settlement, this Action is not appropriate for class action treatment.  AT&T further

23 contends that it has complied with the California Labor Code, the California

24 Business and Professions Code, the applicable Industrial Welfare Commission

25 Wage Orders, and similar federal laws, including, but not limited to the federal Fair

26 Labor Standards Act.

27

28

23.     On April 6, 2007, after good-faith negotiations presided over by a private mediator, the parties reached an agreement to settle the Action pursuant to the terms and conditions set forth below.

24.     The Parties agree that the Court shall certify a class solely for the purpose of implementing the terms of this Settlement.

25.     Class Counsel represent that they have conducted a thorough investigation into the facts of this case, and have diligently pursued an investigation of the Class Members' claims against AT&T, including (i) conducting a survey of Class Members and analyzing the results of the survey; (ii) reviewing relevant documents; and (iii) researching the applicable law and the potential defenses. Based on their own independent investigation and evaluation, Class Counsel are of the opinion that the Settlement is fair, reasonable, and adequate and is in the best interest of the Class Members in light of all known facts and circumstances, including the risk of significant delay, and defenses asserted by AT&T.  AT&T agrees that the Settlement is fair, reasonable and adequate.

26.     The entry of Final Judgment in this Action shall dismiss with prejudice all claims that were or could have been brought that are in the nature of the claims identified in the release as follows:  Any and all wage-and-hour claims, rights, demands, liabilities and causes of action of every nature and description, whether known or unknown, arising during the period from October 5, 2002 to the date on which the Court gives final approval of the Settlement, including without limitation statutory, constitutional, contractual or common law claims for wages, damages, unpaid costs, penalties, liquidated damages, punitive damages, interest, attorney fees, litigation costs, restitution, or equitable relief, based on the following categories of allegations: (a) any and all claims for the failure to pay any type of overtime wages; any and all claims for the failure to provide meal and/or rest periods; and/or any and all claims stemming from or based on the alleged misclassification of employees as exempt employees, *i.e.*, employees who are

1   exempt under federal and/or California law from the wage and hour requirements

2   imposed on employees who do not qualify for any exemption, including without

3   limitation the executive, administrative, or professional exemptions set forth in state

4   and federal law; (b) any and all claims alleging the improper assessment of costs,

5   fines, penalties, chargebacks or settlements on employees; and (c) any and all

6   claims for failure to reimburse, or cover or pay for business costs, including without

7   limitation claims for reimbursement of costs spent on or imposed for any type of

8   business expense or support staff.

9

10   The Parties agree to cooperate and take all steps necessary and appropriate to obtain

11   preliminary and final approval of this Settlement, to effectuate its terms, and to

12   dismiss this Action with prejudice.

13                                               **III.**

14                                   **<u>TERMS OF SETTLEMENT</u>**

15               27.     <u>Maximum Payment</u>:

16               (a)     The Maximum Payment under the Settlement, if all Class

17   Members file valid and timely claims, is Eleven Million Two Hundred Thousand

18   Dollars ($11,200,000), from which payments will be made for: (1) up to $3,360,000

19   in attorneys' fees to Class Counsel, plus reasonable litigation costs (approximately

20   $23,000), subject to Court approval; (2) up to $25,000 payment to Steven Huang as

21   a Class Representative service payment, subject to Court approval; (3) an estimated

22   $30,000 to the Claims Administrator to administer the Settlement; (4) $50,000 to

23   the State of California Labor Workforce and Development Agency ("LWDA"); and

24   (5) the "Remainder," an estimated $7,712,000, to pay the timely and valid claims of

25   the Class Members.  This Settlement does not establish a fund from which claims

26   are paid.

27               (b)     The Remainder of the Maximum Payment available to

28   pay the timely and valid claims of the Class Members pursuant to the formula

CASE NO. 06CV2238 DMS (WMc)

LEGAL_US_W # 56422921.2

-8-

SETTLEMENT  AGREEMENT
AND JOINT STIPULATION

described in Paragraph 32(d) below, will result in a complete distribution of that portion, assuming that all Class Members participate in the distribution. If fewer than all Class Members participate in the distribution, the total amount paid by AT&T will be less than the Maximum Payment. In no event shall AT&T be responsible for paying more than the Maximum Payment of Eleven Million Two Hundred Thousand Dollars, plus the employer's portion of payroll taxes.

(c)    AT&T has represented that the estimated number of Compensable Work Weeks between October 5, 2002 and June 30, 2007 is 73,581.

28.    Attorneys' Fees:  AT&T agrees, subject to the approval of the Court, to pay to Class Counsel thirty percent (30%) of the Maximum Payment (or $3,360,000) in attorneys' fees to compensate Class Counsel for all of the work already performed in this case and all work remaining to be performed in documenting the Settlement, securing Court approval of the Settlement, administering the Settlement, ensuring that the Settlement is fairly administered and implemented and obtaining dismissal of the Action. If the Court does not award Class Counsels' attorneys' fees as requested, then the difference not awarded shall be added to the amount claimed by the Class in the same percentage as the valid claims submitted. For example, if 60% of the Class submitted valid and timely Claim Forms, then 60% of the unawarded amount would be distributed to those members of the Class who submitted valid and timely Claim Forms, and the remaining unawarded 40% would revert to AT&T.

29.    Costs:  Subject to Court approval, AT&T further agrees to pay Class Counsel reasonable litigation costs (approximately $23,000) for costs and expenses incurred by Class Counsel in prosecuting the Action and in implementing the terms of this Settlement. AT&T will issue Class Counsel an IRS Form 1099 for their attorneys' fees and costs. If the Court does not award Class Counsels' litigation costs as requested, then the difference not awarded shall be added to the amount claimed by the Class in the same percentage as the valid claims submitted.

1   For example, if 60% of the Class submitted valid and timely Claim Forms, then

2   60% of the unawarded amount would be distributed to those members of the Class

3   who submitted valid and timely Claim Forms, and the remaining unawarded 40%

4   would revert to AT&T.

5          30.   Enhancement to Class Representative:  Conditioned upon the

6   Class Representative's execution of a general release in favor of AT&T, AT&T

7   agrees to pay to the Class Representative, Steven Huang, a service payment of

8   $25,000 as an enhancement for his service as Class Representative, in addition to

9   any payment he may otherwise receive as a Class Member.  AT&T will issue an

10  IRS Form 1099 for this service payment.  Huang will be responsible for correctly

11  characterizing this compensation for tax purposes and to pay any taxes owing on

12  said amount.  If the Court does not award the Class Representative enhancement as

13  requested, then the difference not awarded shall be added to the amount claimed by

14  the Class in the same percentage as the valid claims submitted.  For example, if

15  60% of the Class submitted valid and timely Claim Forms, then 60% of the

16  unawarded amount would be distributed to those members of the Class who

17  submitted valid and timely Claim Forms, and the remaining unawarded 40% would

18  revert to AT&T.

19         31.   Payment to Labor Workforce and Development Agency:  AT&T

20  agrees to pay Fifty Thousand Dollars and 00/100 ($50,000) from the Maximum

21  Payment to the State of California Labor Workforce and Development Agency

22  pursuant to the Labor Code Private Attorneys General Act (the "PAG Act"), Cal.

23  Lab. Code § 2699 *et seq.*, to cover any and all claims for penalties that were or could

24  have been brought in this Action.

25         32.   Distribution to Class Members:

26         (a)   AT&T agrees to pay only those Class Members who

27  submit timely and valid Claim Forms.  To be timely, the Claim Forms must be

28  postmarked by the deadline indicated on the Notice and Claim Form.  To be valid,

1   Claim Forms must be completed as to the information requested on the Claim

2   Form, l, signed under penalty of perjury, and returned to the Claims Administrator.

3       (b)    After deductions of $3,360,000 for attorneys' fees,

4   approximately $23,000 in litigation costs, $25,000 for the service payment to the

5   Class Representative, an estimated $30,000 to pay for the services of the Claims

6   Administrator, and the $50,000 payment to the LWDA, the remainder of the

7   Maximum Payment shall be approximately $7,712,000 (such amount, the

8   "Remainder").

9       (c)    The Maximum Payment is based on the number of

10  putative class members as reported in AT&T's mediation disclosures to Class

11  Counsel on April 6, 2007, which was 514.  If the number of class members

12  increases by more than 7%, AT&T shall be required to increase the total amount of

13  settlement monies proportionately.

14      (d)    <u>Class Member Distribution Formula and Amount</u>:

15  Compensable Work Weeks will be all weeks (or portions of weeks) worked by all

16  Class Members in Settlement Class Positions (defined above as Senior

17  Communications Specialists, Senior Systems Analysts, and/or Systems Analysts

18  employed by AT&T in California) during the Covered Period (defined above as

19  October 5, 2002 through June 30, 2007).  The Class Members' Distribution Amount,

20  prior to deductions set forth in Paragraph 32(e), will be calculated by:  (1) dividing

21  the Remainder of the Maximum Payment by the total number of Compensable Work

22  Weeks, revealing the dollars or value per Compensable Work Week; and

23  (2) multiplying that amount by the number of Compensable Work Weeks worked by

24  each class member submitting a timely and valid claim ("Participating Class

25  Members").

26      (e)    <u>Tax Allocation</u>:  The Parties agree that 75% of all

27  payments to Participating Class Members will be treated as subject to W2 reporting

28  and, therefore, normal payroll taxes and withholdings will be deducted pursuant to

-11-

state and federal law and the employer will make all required contributions.  AT&T will pay its portion of payroll taxes and withholdings (FICA and FUTA), and those amounts will not be deducted from the payments made to the Participating Class Members.  The other 25% represents interest and penalties sought in the lawsuit and Participating Class Members will be issued an IRS Form 1099 for that portion of their payments.  The Participating Class Members will be responsible for correctly characterizing this compensation for tax purposes and paying any taxes owing on said amount.

(f)     Settlement Payment Date:  The Claims Administrator shall mail the settlement payments to the Participating Class Members, Class Counsel's attorneys' fees and costs and the enhancement to the Class Representative within twenty (20) calendar days following the Settlement Effective Date.  Within twenty (20) calendar days following the Settlement Effective Date, the Claims Administrator will send the $50,000 payment to the State of California Labor Workforce and Development Agency.

(g)     Distribution of Participating Class Member List:  AT&T agrees that the names of Participating Class Members will only be disclosed to those persons with a need to know, such as accounting (payroll), human resources, and legal personnel, but at no time will such information be disclosed either on an individual or wholesale basis to the AT&T supervisors and managers of Participating Class Members.  AT&T supports the settlement and will not retaliate in any way against Class Members who submit Claims.

**IV.**

**NOTICE TO THE PLAINTIFF CLASS**

33.     A Notice in the form attached as Exhibit "A" and approved by the Court shall be sent by the Claims Administrator to the Class Members, by first class mail, within thirty (30) calendar days of the Court's entry of the Order Granting Preliminary Approval of the Settlement and Notice.  Attached to the

Notice will be a Claim Form and a Request for Exclusion Form, in the form attached as Exhibits "B" and "C" ("Notice Packet").  The Notice Packet will also include a preaddressed, postage-paid envelope. The exterior of each envelope containing the Notice Packet shall read "Dated Material.  You May Receive Money From A Class Action Settlement."  The Claims Administrator will perform a National Change of Address (NCOA) search at the outset.  Upon receipt of any returned, undelivered Notice Packets without a forwarding address, the Claims Administrator will do an additional search using the Class Member's social security number.

34.    The Claims Administrator will use all standard skip tracing devices to obtain forwarding addresses and forward returned mail to ensure that the Notice Packets are sent to all Class Members.  With respect to returned Notice Packets, the Claims Administrator will use reasonable diligence to obtain a current address and re-mail the envelope to such address within ten (10) calendar days of the receipt of the returned envelope.

35.    AT&T shall provide, within fourteen days following the Court's entry of the Order Granting Preliminary Approval of the Settlement and Notice, to the Claims Administrator a database of all Class Members, including last known addresses and telephone numbers, dates of employment in the Covered Positions for the Covered Period, and social security numbers.  This database shall be based on AT&T's payroll and other business records and in a format acceptable to the Claims Administrator.  AT&T agrees to consult with the Claims Administrator prior to the production date to ensure that the format of the database will be acceptable to the Claims Administrator.  In consideration of the privacy concerns of the individual Class Members, the Claims Administrator will not share the identity of individual Class Members with the Class Representative or Class Counsel.  If, however, a Class Member requests the opportunity to communicate with Class Counsel and informs the Claims Administrator that they do not wish to incur the

1    cost associated with their contacting Class Counsel directly, the Claims

2    Administrator shall contact Class Counsel and furnish them with that Class

3    Member's contact information.

4         36.    The Claims Administrator will mail a reminder postcard no later

5    than fifteen (15) calendar days before the deadline to submit Claim Forms to those

6    who have not responded with the return of a Claim Form or a Request for

7    Exclusion Form.  The Claims Administrator will contact class members as

8    reasonably requested by Class Counsel, including use of a call center, telephone

9    bank, and follow up address investigation and location efforts, as necessary.

10        37.    Class Counsel shall provide the Court, at least five (5) calendar

11   days prior to the final fairness hearing, a declaration by the Claims Administrator

12   specifying the due diligence it has undertaken with regard to the mailing of the

13   Notice.

14                              **V.**

15                        **CLAIM PROCESS**

16        38.    Within thirty (30) calendar days following the Court's entry of

17   the Order Granting Preliminary Approval of the Settlement and Notice, the Claims

18   Administrator will mail to all Class Members the Notice Packet. If new address

19   information is provided by return mail, Class Counsel or via the Claims

20   Administrator's searches, the Claims Administrator shall forward the - Notice

21   Packet to the addressee via first-class regular U.S. Mail within ten (10) calendar

22   days.

23        39.    Should a Class Member fail to complete the Claim Form, the

24   Claims Administrator will within ten (10) calendar days send a cure letter to the

25   claimant informing him or her of the deficiency in the Claim Form and allowing the

26   claimant to cure the defect within a reasonable time.

27        40.    If a Class Member is deceased, the successor or estate may

28   make a claim.  Within ten (10) calendar days of notification that the Class Member

1   is deceased, the Claims Administrator shall mail a Beneficiary Declaration and

2   Release to the successor or individual acting on behalf of the estate.

3           41.     Class Members will have sixty (60) calendar days from the

4   mailing of the Notice Packet to submit their Claim Form.  Class Members will have

5   thirty (30) calendar days from the mailing of the Notice Packet to submit an

6   Exclusion Form, or to file an objection to the settlement .  No Claim Forms or

7   Exclusion Forms will be honored if postmarked after the deadline to submit claims.

8   All original Claim Forms and Exclusion Forms shall be sent directly to the Claims

9   Administrator at the address indicated on the forms.

10          42.     The Claims Administrator will certify jointly to Class Counsel

11  and AT&T's counsel which Claim Forms and Exclusion Forms were timely or

12  untimely filed.

13          43.     Each Claim Form will list the time period during the Covered

14  Period that AT&T's records show that the claimant worked as a Senior

15  Communications Specialist, Senior Systems Analyst, and/or Systems Analyst in

16  California.  To the extent a claimant disputes the time period listed on his or her

17  Claim Form, he or she may produce information or documentary evidence to the

18  Claims Administrator indicating the dates he or she claims to have worked as a

19  Senior Communications Specialist, Senior Systems Analyst, and/or Systems

20  Analyst in California during the Covered Period.

21          44.     The Claims Administrator shall report, in summary or narrative

22  form, the substance of any discrepancies between the dates of employment in a

23  Covered Position submitted by the Class Member on the Claim Form and AT&T's

24  records.  The Claims Administrator shall be granted reasonable access to AT&T's

25  records in order to perform its duties in resolving any such discrepancy.  In the

26  event of any dispute over a Class Member's dates of employment in a Covered

27  Position, the parties will meet and confer in good faith in an effort to resolve the

28  dispute, and if the parties are unable to reach an agreement, the Claims

1  Administrator shall decide the dispute.  AT&T's records will be presumed

2  determinative, but the Claims Administrator will evaluate the evidence submitted

3  by the claimant and attempt to make the final decision as to which dates should be

4  applied.  Any disputes, including those concerning the period of time a claimant

5  worked in a Covered Position, not resolved by the Claims Administrator, will be

6  submitted to the Magistrate Judge.  Prior to any such submissions, counsel for the

7  Parties will confer in good faith to resolve the dispute.

8      45.    The Claims Administrator will submit to counsel for the Parties

9  a list of the Participating Class Members and the calculation of the amounts due to

10  each Participating Class Member pursuant to this Settlement.

11      46.    The Claims Administrator will timely notify claimants whose

12  claims are untimely or denied for other reasons, *e.g.*, the claimant is not a member

13  of the Class because the claimant did not hold one of the Covered Positions during

14  the Covered Period.

15      47.    The Claims Administrator shall be responsible for issuing the

16  payments and calculating and withholding all required state and federal taxes, and

17  shall do the year-end tax reporting.  The Claims Administrator will file proof of

18  payment with the Court and will provide AT&T and Class Counsel with a copy.

19  **VI.**

20  **RELEASE OF CLAIMS**

21      48.    <u>Released Claims by Class Members.</u>  The Class Members (other

22  than those who file Exclusion Forms)  release and discharge AT&T and its former

23  and present parents, subsidiaries, and affiliated corporations and entities, and each

24  of their respective officers, directors, employees, partners, shareholders and agents,

25  and any other successors, assigns, or legal representatives ("Class Members'

26  Released Parties"), from any and all wage-and-hour claims, rights, demands,

27  liabilities and causes of action of every nature and description, whether known or

28  unknown, arising during the period from October 5, 2002 to the date on which the

Court gives final approval of the Settlement ("Class Members' Released Period"), including without limitation statutory, constitutional, contractual or common law claims for wages, damages, unpaid costs, penalties, liquidated damages, punitive damages, interest, attorney fees, litigation costs, restitution, or equitable relief, based on the following categories of allegations: (a) any and all claims for the failure to pay any type of overtime wages; any and all claims for the failure to provide meal and/or rest periods; and/or any and all claims stemming from or based on the alleged misclassification of employees as exempt employees, *i.e.*, employees who are exempt under federal and/or California law from the wage and hour requirements imposed on employees who do not qualify for any exemption, including without limitation the executive, administrative, or professional exemptions set forth in state and federal law; (b) any and all claims alleging the improper assessment of costs, fines, penalties, chargebacks or settlements on employees; and (c) any and all claims for failure to reimburse, or cover or pay for business costs, including without limitation claims for reimbursement of costs spent on or imposed for any type of business expense or support staff ("Class Members' Released Claims").  The Class Members' Released Claims include claims meeting the above definition under any and all applicable statutes, including without limitation the federal Fair Labor Standards Act, the Portal to Portal Act, California Labor Code §§ 96 through 98.2 *et seq*., the California Payment of Wages Law and, in particular, California Labor Code § 200 *et seq*., including California Labor Code §§ 200 through 243 and §§ 203 and 218 and 218.5 in particular, California Labor Code § 300 *et seq*.; California Labor Code § 400 *et seq*.; California Working Hours Law, California Labor Code § 500 *et seq*., California Labor Code § 1194; California Labor Code §§ 2802 and 2804; the California Unfair Competition Act and, in particular, California Bus. & Prof. Code § 17200 *et seq*., the California Labor Code Private Attorneys General Act of 2004, codified at California Labor Code §§ 2698 through 2699, California Code of Civil Procedure § 1021.5, any

1    other provision of the California Labor Code or any applicable California Industrial

2    Welfare Commission Wage Orders, in all of their iterations.

3            As to the Class Members' Released Claims, the Class Members each

4    waive all rights and benefits afforded by Section 1542 of the Civil Code of the State

5    of California, and do so understanding the significance of that waiver.  Section

6    1542 provides:  "A general release does not extend to claims which the creditor

7    does not know or suspect to exist in his or her favor at the time of executing the

8    release, which if known by him or her must have materially affected his or her

9    settlement with the debtor."

10

11            49.    Released Claims by the Class Representative.  The Class

12    Representative hereby fully and finally releases and discharges AT&T and its

13    former and present parents, subsidiaries, and affiliated corporations and entities,

14    and each of their respective officers, directors, employees, partners, shareholders

15    and agents, and any other successors, assigns, or legal representatives ("Class

16    Representative's Released Parties"), from any and all claims, whether known or

17    unknown, arising during the period from the start of time to the date on which the

18    District Court gives final approval of the Settlement ("Class Representative's

19    Released Period"), whether under federal, state and/or local law, statute, ordinance,

20    regulation, common law, or other source of law; whether or not such claims are in

21    the nature of claims for damages, unpaid wages, premium pay, deductions,

22    unreimbursed business expenses, waiting-time penalties, or other penalties for

23    overtime, missed meal periods, missed rest breaks, and other alleged wage-and-

24    hour violations, attorneys' fees or injunctive relief; and whether sounding in

25    contract or tort ("Class Representative's Released Claims").  The Class

26    Representative's Released Claims include, but are not limited to, claims arising

27    from or dependent on the California Labor Code; the Wage Orders of the California

28    Industrial Welfare Commission; California Business and Professions Code section

17200 *et seq.*; the California Fair Employment and Housing Act, Cal. Gov't Code § 12900 *et seq.*; the California common law of contract and tort; Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*; the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*; the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.*; and the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*

As to the Class Representative's Released Claims, the Class Representative waives all rights and benefits afforded by Section 1542 of the Civil Code of the State of California, and does so understanding the significance of that waiver.  Section 1542 provides:  "A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."

Class Members' Released Claims and Class Representative's Released Claims shall be referred to as "Released Claims."

## VII.

## DUTIES OF THE PARTIES PRIOR TO COURT APPROVAL

50.   The Parties shall submit this Settlement to the Court in support of the Motion for Preliminary Approval of the Settlement and Notice and determination by the Court as to its fairness, adequacy, and reasonableness. Promptly upon execution of this Settlement Agreement, the Parties shall apply to the Court for the entry of an Order Granting Preliminary Approval of the Settlement and Notice substantially in the following form:

(a)   Scheduling a fairness hearing on the question of whether the proposed Settlement should be approved as fair, reasonable and adequate as to the Class;

(b)   Approving as to form and content the proposed Notice;

(c)     Approving as to form and content the proposed Claim Form and instructions for AT&T employees in the Covered Positions;

(d)     Approving as to form and content the proposed Exclusion Form;

(e)     Directing the mailing of the Notice, the Claim Form and the Exclusion Form by first class mail to the Class Members;

(f)     Preliminarily approving the Settlement;

(g)     Preliminarily certifying the Class for purposes of Settlement; and

(h)     Approving Cohelan & Khoury and Barritt Smith LLP as Class Counsel, Steven Huang as Class Representative, and Rust Consulting, Inc., as the Claims Administrator.

## VIII.

## DUTIES OF THE PARTIES FOLLOWING FINAL COURT APPROVAL

51.     Following final approval by the Court of the Settlement, the Parties will submit a proposed Final Judgment:

(a)     Approving the Settlement, adjudging the terms thereof to be fair, reasonable and adequate, and directing consummation of its terms and provisions;

(b)     Approving Class Counsel's application for an award of attorneys' fees and reimbursement of costs;

(c)     Approving the Class Representative's service payment;

(d)     Certifying the Class for Settlement purposes;

(e)     Dismissing this Action on the merits and with prejudice and permanently barring all Class Members (other than those who timely filed Exclusion Forms) from prosecuting against the Class Members' Released Parties any and all Class Members' Released Claims arising during the Class Members' Released Period; and

(f)     Permanently barring the Class Representative from prosecuting against the Class Representative's Released Parties any and all Class Representative's Released Claims arising during the Class Representative's Released Period.

## IX.

## **VOIDING THE AGREEMENT**

52.     If this Settlement is not approved, the Settlement shall not be used nor be admissible in any subsequent proceedings either in this Court or in any other Court or forum.  If there is any reduction in the attorneys' fee award, such reduction may be appealed as set forth below but is not a basis for rendering the entire Settlement voidable and unenforceable.

## X.

## **PARTIES' AUTHORITY**

53.     The respective signatories to the Settlement represent that they are fully authorized to enter into this Settlement and bind the respective Parties to its terms and conditions.

## XI.

## **MUTUAL FULL COOPERATION**

54.     The Parties agree to cooperate fully with each other to accomplish the terms of this Settlement Agreement, including but not limited to, execution of such documents and taking such other action as may reasonably be necessary to implement the terms of this Settlement Agreement.  The Parties shall use their best efforts, including all efforts contemplated by this Settlement Agreement and any other efforts that may become necessary by order of the Court, or otherwise, to effectuate the terms of this Settlement Agreement.  As soon as practicable after execution of this Settlement Agreement, Class Counsel shall, with the assistance and cooperation of AT&T and its counsel, take all necessary steps to secure the Court's Final Judgment.

55.    AT&T agrees that it will not attempt to discourage Class Members from filing Claim Forms, and will not attempt to discourage Class Counsel from discussing the claims process with Class Members.

## XII.

## NO PRIOR ASSIGNMENTS

56.    The Parties represent, covenant, and warrant that they have not directly or indirectly, assigned, transferred, encumbered, or purported to assign, transfer, or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action or right released and discharged in this Settlement.

## XIII.

## NO ADMISSION

57.    Nothing contained in this Settlement Agreement shall be construed or deemed an admission of liability, culpability, negligence, or wrongdoing on the part of AT&T, and AT&T denies liability therefor.  Each of the Parties has entered into this Settlement Agreement with the intention to avoid further disputes and litigation with the attendant inconvenience and expenses.  This Settlement Agreement is a settlement document and shall be inadmissible in evidence in any proceeding, except an action or proceeding to approve, interpret, or enforce its terms.

## XIV.

## ENFORCEMENT ACTIONS

58.    In the event that one or more of the Parties institutes any legal action, arbitration, or other proceeding against any other Party or Parties to enforce the provisions of this Settlement Agreement or to declare rights and/or obligations under this Settlement Agreement, the successful Party or Parties shall be entitled to recover from the unsuccessful Party or Parties reasonable attorneys' fees and costs, including expert witness fees incurred in connection with any enforcement actions.

## XV.

## NOTICES

59.     Unless otherwise specifically provided herein, all notices, demands or other communications given hereunder shall be in writing and shall be deemed to have been duly given as of the third business day after mailing by United States first class mail, return receipt requested, addressed as follows:

(a)     To the Class:
Isam C. Khoury, Esq.
Diana M. Khoury, Esq.
Cohelan & Khoury
605 "C" Street, Suite 200
San Diego, California 92101-5305

(b)     To AT&T:
J. Al Latham, Jr. Esq.
Leslie L. Abbott, Esq.
Paul, Hastings, Janofsky & Walker LLP
515 South Flower Street, 25th Floor
Los Angeles, CA 90071

## XVI.

## CONSTRUCTION

60.     The Parties agree that the terms and conditions of this Settlement Agreement are the result of lengthy, intensive arms-length negotiations between the Parties and that this Settlement Agreement shall not be construed in favor of or against any Party by reason of the extent to which any Party or his or its counsel participated in the drafting of this Settlement.

## XVII.

## CAPTIONS AND INTERPRETATIONS

61.     Paragraph titles or captions contained in this Settlement Agreement are a matter of convenience and for reference, and in no way define, limit, extend, or describe the scope of this Settlement or any provision.  Each term of this Settlement Agreement is contractual and not merely a recital.

CASE NO. 06CV2238 DMS (WMc)

LEGAL_US_W # 56422921.2

-23-

SETTLEMENT  AGREEMENT
AND JOINT STIPULATION

1

## XVIII.

2

## MODIFICATION

3         62.    This Settlement Agreement may not be changed, altered, or

4    modified, except in writing and signed by the Parties, and approved by the Court.

5    This Settlement Agreement may not be discharged except by performance in

6    accordance with its terms or by a writing signed by the Parties.

7

## XIX.

8

## INTEGRATION CLAUSE

9         63.    This Settlement Agreement contains the entire agreement

10    between the Parties relating to the resolution of the Action, and all prior or

11    contemporaneous agreements, understandings, representations, and statements,

12    whether oral or written and whether by a Party or such Party's legal counsel, are

13    merged in this Settlement Agreement.  No rights under this Settlement Agreement

14    may be waived except in writing.

15

## XX.

16

## BINDING ON ASSIGNS

17         64.    This Settlement Agreement shall be binding upon and inure to

18    the benefit of the Parties and their respective heirs, trustees, executors,

19    administrators, successors and assigns.

20

## XXI.

21

## CLASS COUNSEL SIGNATORIES

22         65.    It is agreed that because the members of the Class are so

23    numerous, it is impossible or impractical to have each Class Member execute this

24    Settlement.  The Notice, Exhibit "A," will advise all Class Members of the binding

25    nature of the release.  Excepting only the Class Members who timely submit an

26    Exclusion Form, the Settlement Agreement shall have the same force and effect as

27    if it were executed by each Class Member.

28

## XXII.

## COUNTERPARTS

66.     This Settlement Agreement may be executed in counterparts, and when each Party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Settlement Agreement, which shall be binding upon and effective as to all Parties.

## XXIII.

## RIGHT OF APPEAL

67.     The Parties agree to waive appeals with the sole exception that Plaintiff can appeal a reduction, if any, in the attorneys' fees amount.

## XXIV.

## CLASS CERTIFICATION

68.     The Parties agree that the stipulation of Class Certification is for settlement purposes only and if for any reason the settlement is not approved, the stipulation will be of no force or effect.  The Parties agree that certification for settlement purposes is in no way an admission that class certification is proper and that evidence of this stipulation for settlement purposes only will not be deemed admissible in this or any other proceeding.

## XXV.
## NO SETTLEMENT FUND

69.     The Parties agree that California Code of Civil Procedure Section 384 is not applicable.  The Parties represent that the Maximum Payment is a settlement amount that takes into account the probability that some or many Class Members, for various reasons, will not file claims.  The Parties recognize that the settlement amount would have been substantially less if all of it had to be paid.  No fund has been created.  No obligation to pay Class Members is created until a valid

Claim Form is filed.  There is thus no residue.  Neither Plaintiff nor his counsel shall take, or cause any other person to take, a position before the Court that California Code of Civil Procedure Section 384 applies to this Settlement.

## XXVI.

## <u>RIGHT OF REVOCATION</u>

70.    If more than ten percent (10%) of the Class Members timely submit Exclusion Forms, AT&T has the exclusive right to void this Settlement. The Parties agree that neither side will encourage opt outs.  AT&T shall make its election prior to Final Judgment.  If the Settlement Agreement is not approved or is voided, neither the Class Representatives nor Class Counsel shall be liable for any costs of administration.

## XXVII.

## <u>PUBLICITY</u>

71.    The Parties and their counsel agree that they will not issue any press releases, initiate any contact with the press, respond to any press inquiry or have any communication with the press about this case and/or the fact, amounts, or terms of this Settlement Agreement.  Any communication about the Settlement Agreement to Class Members prior to the Court-approved mailing will be limited to a statement that the Parties have reached a settlement and the details will be communicated in a forthcoming Court-approved notice.

1   DATED:  June 28, 2007          PAUL, HASTINGS, JANOFSKY & WALKER LLP

2                                  By: _____
                                        DEBORAH S. WEISER
3                                       Attorneys for Defendants

4                                  SBC SERVICES, INC., AT&T SERVICES, INC.,
                                   AMERITECH SERVICES, INC., AT&T LABS,
5                                  INC., AT&T OPERATIONS, INC., PACIFIC BELL
                                   DIRECTORY, PACIFIC BELL INFORMATION
6                                  SERVICES, PACIFIC BELL TELEPHONE
                                   COMPANY, PBD HOLDINGS DBA DIGITAL
7                                  GRAPHICS ADVANTAGE, SBC ADVANCED
                                   SOLUTIONS, INC., SBC INTERNET SERVICES,
8                                  INC., AND SBC LONG DISTANCE, INC.

9   DATED:  June 28, 2007          SBC SERVICES, INC., AT&T SERVICES, INC.,
                                   AMERITECH SERVICES, INC., AT&T LABS,
10                                 INC., AT&T OPERATIONS, INC., PACIFIC BELL
                                   DIRECTORY, PACIFIC BELL INFORMATION
11                                 SERVICES, PACIFIC BELL TELEPHONE
                                   COMPANY, PBD HOLDINGS DBA DIGITAL
12                                 GRAPHICS ADVANTAGE, SBC ADVANCED
                                   SOLUTIONS, INC., SBC INTERNET SERVICES,
13                                 INC., AND SBC LONG DISTANCE, INC.

14                                 By: _____
                                        LYSHA WESTON
15
                                   SENIOR COUNSEL
16                                 AT&T SERVICES, INC. LEGAL DEPARTMENT

17

18

19

20

21

22

23

24

25

26

27

28

CASE NO. 06CV2238 DMS (WMc)              -27-                SETTLEMENT AGREEMENT
                                                             AND JOINT STIPULATION
LEGAL_US_W # 56422921.2

1  DATED:  June __, 2007          PAUL, HASTINGS, JANOFSKY & WALKER LLP

2                                 By:_____
                                        J. AL LATHAM, JR.
3                                      Attorneys for Defendants

4                                SBC SERVICES, INC., AT&T SERVICES, INC.,
                                 AMERITECH SERVICES, INC., AT&T LABS,
5                                INC., AT&T OPERATIONS, INC., PACIFIC BELL
                                 DIRECTORY, PACIFIC BELL INFORMATION
6                                SERVICES, PACIFIC BELL TELEPHONE
                                 COMPANY, PBD HOLDINGS DBA DIGITAL
7                                GRAPHICS ADVANTAGE, SBC ADVANCED
                                 SOLUTIONS, INC., SBC INTERNET SERVICES,
8                                INC., AND SBC LONG DISTANCE, INC.

9  DATED:  June 28, 2007          SBC SERVICES, INC., AT&T SERVICES, INC.,
                                 AMERITECH SERVICES, INC., AT&T LABS,
10                               INC., AT&T OPERATIONS, INC., PACIFIC BELL
                                 DIRECTORY, PACIFIC BELL INFORMATION
11                               SERVICES, PACIFIC BELL TELEPHONE
                                 COMPANY, PBD HOLDINGS DBA DIGITAL
12                               GRAPHICS ADVANTAGE, SBC ADVANCED
                                 SOLUTIONS, INC., SBC INTERNET SERVICES,
13                               INC., AND SBC LONG DISTANCE, INC.

14                               By:_____
                                            LYSHA WESTON
15

16                               SENIOR COUNSEL
                                 AT&T SERVICES, INC. LEGAL DEPARTMENT
17

18

19

20

21

22

23

24

25

26

27

28

1   DATED: June 29th, 2007      COHELAN & KHOURY

2                               By: _____
                                ISAM C. KHOURY AND DIANA M. KHOURY
3
                                Attorneys for Plaintiff    Steven C. Huang and
4                               the Class

5   DATED: June_____, 2007     BARRITT SMITH LLP

6                               By: _____
                                          PERRY G. SMITH
7
                                Attorneys for Plaintiff Steven C. Huang and the
8                               Class

9   DATED: June____, 2007       REPRESENTATIVE PLAINTIFF

10                              By: _____
                                        STEVEN C. HUANG
11
                                Representative Plaintiff
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    DATED:  June _____, 2007        COHELAN & KHOURY

2                                     By:
                                      _____
3                                     ISAM C. KHOURY AND DIANA M. KHOURY

4                                     Attorneys for Plaintiff      Steven C. Huang and
                                      the Class

5    DATED:  ~~June~~ July 2, 2007    BARRITT SMITH LLP

6                                     By: _____
                                                 PERRY G. SMITH
7
                                      Attorneys for Plaintiff Steven C. Huang and the
8                                     Class

9    DATED:  ~~June~~ July 2, 2007    REPRESENTATIVE PLAINTIFF

10                                    By: _____
                                                 STEVEN C. HUANG
11
                                      Representative Plaintiff
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28